No. ——

First Circuit

## HUDSPETH v. TUBRE

(Jan. 7, 1927. Opinion and Decree.)
(Feb. 12, 1927. Rehearing Refused.)

(*Syllabus by the Editor.*)

1. Louisiana Digest—Appeal—Par. 625.
The finding of the trial court on questions of fact uncontradicted being clearly correct is affirmed.

Appeal from the Parish of Evangeline. Hon. B. H. Pavy, Judge.

Action by T. L. Hudspeth against W. E. Tubre.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

S. W. Gardiner, of Ville Platte, attorney for plaintiff, appellee.

J. Hugo Dore, of Ville Platte, attorney for defendant, appellant.

LECHE, J. Plaintiff alleges in his petition that defendant owes him a balance of two hundred and eighty-five 57-100 dollars for goods, wares and merchandise sold and delivered during the years 1924 and 1925, and he prays for judgment accordingly. The defense is substantially that plaintiff and defendant were commercial partners, that the suit is upon a claim that arose during the partnership and out of the partnership and that plaintiff having failed to allege that the partnership was dissolved and liquidated, he should be relegated to an action for the settlement of the partnership, and his suit dismissed.

Plaintiff testified that there had been a partnership between himself and defendant, but that the partnership was settled on April 27, 1925. He does not say how it was settled, but he says further that defendant owes him for goods and merchandise sold since the dissolution of the partnership, the sum of two hundred and five 66-100 dollars. The account annexed to and forming part of the petition with the item "balance due on April 20, 1925, one hundred and sixty 02-100 dollars". The account further shows, from April 27, 1925, the day the partnership was settled, that after deducting all credits, a balance of three hun-

dred ninety-nine 43-100 dollars, appears to be due by defendant to plaintiff.

It is difficult to reconcile the testimony of plaintiff with the annexed account, or with the allegation in the petition which states that the indebtedness amounts to two hundred and eighty-five 57-100 dollars. Defendant contested the suit but offered no evidence.

The trial judge relying upon the uncontradicted testimony of plaintiff, that defendant owed him for good, wares and merchandise sold since the liquidation of the partnership, two hundred and five 66-100 dollars, rendered judgment in favor of plaintiff for that amount.

We see no reason to avoid that judgment and it is therefore affirmed.